The Case.
Christopher Beverly by Indre. bearing date the 30. of March 1723, made between him of the one part & Jno. Perry of the other part Demised to Perry & his Wife 100 Acres of Land to hold to them during their lives, and Perry & his Wife, Coven’t for Repairs, And then followed this Clause “ And also that “ neither the s’d John Perry, Mary Perry, nor either of them “ shall Bargain, Sell, Assign, Demise, or Let, the s’d Land “ with’t the License & Consent of the s’d Christoph in writing “ first had & obtained.” This Indre. was not Sealed by Mary & *R73 was not Recorded, Mary by Indre. bear’g date in the Year 1724. Demised the Land to the Deft, during her Life for the Yearly Rent of 600wt of Tobacco.
[182] Christopher Beverley, after the making this Lease ent’d and ousted the Deft, who sometime afterwards became Beverleys Tenant and has since paid him the Rent.
Mary Perry the Pit. below brought an Action of Debt against the Deft, for 2520wt. of Tob’o for Arrearage for the Years 1725, 26, 27 & 1728, due upon a lease of a Plantation in the Parish of St. Ann in the County Demised by the Pit. to the Deft, at the Yearly Rent of 620wt. of Tob’o to be paid on the 25 Day of December Yearly.
This is the Substance of the Decl. & now upon the Case agreed between the Parties in the County Court there is no such Lease, for the Lease upon the Record is of a Rent of 600wt p’r Annum with’t any Day of payment And the Court have given Judgm’t for 1800wt. Tobacco from which the Deft, has Appealed
Now with’t entring farther into the Cause, this variance Destroys the Pits. Judgment. But by the agreeing of a Case below in which the Parties conclude that if the Pit. has a right to the Land, they agree she shall have Judgm’t for 1800wt. of Tob’o. It will perhaps be urged that this Advantage is waved.
And Admitting it to be so 1 will Consider the Pits. Title which is liable to many Objections. 1. Mary Perry the Pit. is no Party to the Lease made by Beverley. And therefore by the Rules of Law con’d take no Estate.
But to this perhaps it may be Answered that she shall take notwithstanding; being Named in the Premises & the Habend.” According to the Case of Windsmall & Hubbard Cro. Eliz’a 57. 2. The Covenant that the Lessors shou’d not assign their Interest with’t License is likewise a Condition, and if so the Lease made to the Deft, was a breach and the Lessor might Lawfully enter
All Deeds ought to be Construed so as the Intent of the Parties may take effect, The Intent of the Parties here is plain, that the Lessees Interest shou’d not be Assigned, and it’s certainly very fit that if one party will wilfully and inexcusably Act contrary to the Agreem’t that the other shou’d have some remedy. Now if this Covenant shall not be Construed a Condition as well as a Covenant the second Lease must be good and so the first Lessors Estate must pass from him upon other Terms than he intended *R74 and he can have no remedy ag’t the Person that made the breach of the Covenant For the Pit. being a Feme Covert if she had been a Party the Covenant cou’d not bind her & so she cannot be punished for a breach of it.
[183] Therefore in Order to give the whole Deed an Opinion and to make it ineffectual in all its parts since no other Expedient can be found out this Clause ought to be Construed a Condition.
There are several Cases where a Covenant has been construed a Condition 1. Rol. Abr. 407. 408. ibid Whitcock — 2. Bulst. 290. agreed by all being upon a Lease for Years which may determine as well as begin by Contract But in that Case it is expressed That a breach of the Covenant shall be a forfeit of the Land.
Then there is the Case of Simson and Tittorel 1. Rol. Abr. 410. Poph. 116. 117. Cro. Eliz’a 384. 385. and in many other Books, but in that Case there is the word Provided to Introduce the Covenant.
The differences between these Cases and ours are not very essential where the Intent is more to be regarded than the words. However 3d By the Virg’a Act A’o 1710 nothing passed by the first Lease for want of Recording Vid. the Act, So the Lessors entrey was Lawful.
And in Consequence of the Pits, wanting a Title to the Land she can have no right to the Rent, for the Lessee being Legally ousted by the Lessor the Rent reserved must Cease And this is not like the Case of Collins and Carpenter 1. Rolls. Abr. 605. Where Lessee for Years causes a Stranger to enter upon him yet the Lessor shall have an Action for the Rent S. C. Yelv. 73. Same Case Cro. Ja. 300. Humphry & Damian.
But at the time this Action was brought no Action of Debt wou’d lie for Rent upon a Lease for Life, for this we may go to the Act passed last Session
And the Court gave Judgm’t for the Appellant.